IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDWARD JOHN DAYHOFF, JR., et al.     *

        Plaintiffs     *

v.     *     Case No: 8:13-cv-00919 - RWT

THE LITVIN LAW FIRM, P.C., ET AL.     *

        Defendants     *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendants The Litvin Law Firm, P.C. and Gennady Litvin, Esquire ("Defendants"), by undersigned counsel and pursuant to Fed. R. Civ. P. 8(b) and Local Rule 103, herein respond to each individually numbered paragraph of the Plaintiffs' Amended Complaint as follows:

1.     Defendants deny the allegations.

2.     Admitted.

3.     Admitted.

4.     Paragraph 4 contains jurisdictional allegations to which no response is required. To the extent that a response is required, Defendants admit that jurisdiction can be had in this Court.

5.     Paragraph 5 contains jurisdictional allegations to which no response is required. Further, Defendants deny that they "systematically and continually" transact business in the District.

6.     Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

8. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

9. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

10. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

11. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies same.

12. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

13. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore denies same.

14. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

15. Denied.

16. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

17. Denied.

18. Denied.

19. Denied.

20. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

21. Denied.

22. Denied.

23. Denied.

24. While Mr. Litvin has traveled to Florida before, he did not travel there to "train the Legal Plans' sales force" and denies same.

25. Denied.

26. Denied.

27. Admitted.

28. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

29. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

30. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same

31. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

32. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

33. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

34. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

35. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

36. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

37. To the extent the Plaintiffs received a "notice" that documents speaks for itself. To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same

38. Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations and therefore deny same.

39. Denied.

40. Denied as phrased, save that Plaintiffs did have to provide certain documents in furtherance of their request for foreclosure defense assistance.

41. Denied, save that Plaintiffs did correspond and communicate with representatives from The Litvin Law Firm.

42. Denied.

43. Denied as phrased, save that, as Plaintiffs know, documents, including a mortgage modification package, were submitted on their behalf to the entity involved with their mortgage.

44. Defendants admit only that they communicated with the Plaintiffs.

45. Denied.

46. Defendants admit only that they properly communicated with the Plaintiffs when their relationship with American Legal Plans ended.

47. Defendants admit that Plaintiffs monthly payments did decrease and they did execute retainer agreements which speak for themselves.

48. Defendants admit only that they communicated at all times with the Plaintiffs and that those communications speak for themselves. Defendants deny all other averments.

49. Defendants admit only that they communicated at all times with the Plaintiffs and that those communications speak for themselves. Defendants deny all other averments.

50. Denied.

51. Denied and Plaintiffs know full well that their local counsel was aware of the foreclosure proceedings well before the foreclosure occurred.

52. Defendants admit only that Plaintiffs' home was sold at foreclosure.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Defendants admit only that they communicated at all times with the Plaintiffs and that those communications speak for themselves. Defendants deny all other averments.

58. Denied.

59. Denied.

60. Denied and Plaintiffs know full well that documents and a modification package were submitted on their behalf.

61. Paragraph 61 contains conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the assertions

62-71. Paragraphs 62 though 71 contain conclusions of law to which no response is

required. To the extent that a response is required, Defendant denies the assertions.

72. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 71 of the Amended Complaint with the same effect as if herein fully set forth.

73-75. Paragraphs 73 through 75 contain conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the assertions.

76. Denied.

77. Denied.

78. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 77 of the Amended Complaint with the same effect as if herein fully set forth.

79-81. Paragraphs 79 through 81 contain conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the assertions.

82. Denied.

83. Denied.

84. Denied.

85. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 84 of the Amended Complaint with the same effect as if herein fully set forth.

86. Denied.

87. Denied.

88. Denied as phrased.

89. Denied.

90. Denied.

91. Denied.

92. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 91 of the Amended Complaint with the same effect as if herein fully set forth.

93. Denied.

94. Denied.

95. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 94 of the Amended Complaint with the same effect as if herein fully set forth.

96. Denied.

97. Denied.

98. Denied.

99. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 98 of the Amended Complaint with the same effect as if herein fully set forth.

100. Denied.

101. Denied.

102. Denied.

103. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 102 of the Amended Complaint with the same effect as if herein fully set forth.

104. Defendant admits only that The Litvin Law Firm had an attorney-client relationship with some of the Plaintiffs/class members. Any remaining averments are denied.

105. Denied as phrased.

106. Denied.

107. Denied.

108. Denied.

109. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 108 of the Amended Complaint with the same effect as if herein fully set forth.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Defendants adopt by reference herein their responses to the allegations in paragraphs 1 through 113 of the Amended Complaint with the same effect as if herein fully set forth.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Defendants deny all claims for relief requested by the Plaintiffs and deny all allegations not specifically admitted above.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' claims are barred by contributory negligence.

### SECOND DEFENSE

Plaintiffs' claims are barred by assumption of risk.

### THIRD DEFENSE

Plaintiffs' claims are barred or limited to the extent that their claimed damages were unforeseeable.

### FOURTH DEFENSE

Plaintiffs have failed to mitigate their purported damages and/or have suffered no damages since they received refunds from Defendants.

### FIFTH DEFENSE

Plaintiffs' claims are barred by release and/or waiver and/or a lack of privity between Defendants and all Plaintiffs and/or class members.

### SIXTH DEFENSE

Plaintiffs have failed to join all necessary and/or indispensable parties to this action.

### SEVENTH DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by the acts or omissions of others over whom these Defendants had no control or right of control, including John Coppock, Esquire, and the Legal Plans entities.

## EIGHTH DEFENSE

Plaintiffs cannot demonstrate the requisite elements to move forward with their class action claims specifically and cannot demonstrate the requisite elements of all of their claims against the Defendants generally, including proximate cause.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs cannot state a claim for fraud under the pleading requirements of Federal Rule of Civil Procedure 9(b). Further, to the extent that any of Plaintiffs' other claims fall under the pleading requirements of Federal Rule of Civil Procedure 9(b), Plaintiffs similarly have failed to state a claim, as well as generally failing to meet the general pleading standards set forth in, among others, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## TENTH AFFIRMATIVE DEFENSES

Plaintiffs cannot state a claim for punitive damages and have not alleged anything that would rise to the level of a claim that would permit a punitive damages claim or treble damages or an award of interest.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to state a claim for their RICO causes of action and cannot demonstrate the requisite elements and/or have failed to sufficiently plead same.

Defendants deny all allegations not specifically admitted above, and reserve the right to assert additional defenses as this action moves forward.

Respectfully submitted,

/s/ Jeffrey J. Hines
Jeffrey J. Hines, Esquire (Bar #03803)
jjh@gdldlaw.com
George S. Mahaffey Jr. (Bar #15083)
gsm@gdldlaw.com
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, MD 21202
(410) 783-4000
(410) 783-4040 Facsimile
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of May, 2014, copies of this Answer to the Amended Complaint were filed with the ECF System with notice being sent to the following:

Brian S. Jablon, Esq.
Wellens & Jablon, LLC
540 B&A Blvd., Suite No. 2
Severna Park, Maryland 21146
*Attorney for Plaintiffs*

Richard J. Hackerman, Esq.
116 W. University Parkway, Suite 102
Baltimore, Maryland 21210
*Counsel for John Coppock, Esq.*

/s/ *George S. Mahaffey, Jr.*
George S. Mahaffey Jr.

4835-5657-1411, v. 1